```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
                                                                 :
ALEX PROIMOS,                                                    :
                                                                 :
                        Plaintiff,                               :
                                                                 :          20-cv-4832 (LJL)
        -v-                                                      :
                                                                 :          OPINION & ORDER
MADISON PROPERTY GROUP,                                          :
                                                                 :
                        Defendant.                               :
                                                                 :
-----------------------------------------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 9/24/2021

LEWIS J. LIMAN, United States District Judge:

Plaintiff Alex Proimos ("Proimos" or "Plaintiff") moves, pursuant to Federal Rule of Civil Procedure 55(b)(2), for a default judgment against Defendant Madison Property Group ("Defendant"). For the following reasons, Plaintiff's motion is granted with respect to liability, denied with respect to damages, and granted in part and denied in part with respect to costs.

## FACTUAL BACKGROUND

The following facts are drawn from Plaintiff's complaint and are accepted as true for purposes of this motion.

Proimos is a professional photographer based in Australia, who is in the business of licensing his photographs to online and print media. Dkt. No. 1 ¶ 5. Defendant is a limited liability company organized under New York law with a primary place of business in Manhattan. *Id*. ¶ 6. Defendant operates a website. *Id*.

Proimos took a photograph (the "Photograph") of the rooftop bar of the Metropolitan Museum of Art in New York. *Id*. ¶ 7. Proimos is the author of the Photograph and has been sole owner of the Photograph at all relevant times. *Id*. ¶ 8.

Defendant ran the Photograph on its website. *Id.* ¶ 10. Defendant did not license the Photograph or obtain Plaintiff's permission to publish the Photograph. *Id.* ¶ 11.

## PROCEDURAL BACKGROUND

Plaintiff filed the complaint on June 24, 2020. Dkt. No. 1. Defendant was served on June 26, 2020, but never answered the complaint. Dkt. No. 4. On November 30, 2020, the Clerk of Court entered a certificate of default against Defendant. Dkt. No. 12. Plaintiff moved for default judgment on December 13, 2020. Dkt. No. 13.

## DISCUSSION

### I. Jurisdiction

This claim arises under the Copyright Act, 17 U.S.C. § 101 *et seq.*, and the Court accordingly has subject matter jurisdiction pursuant to 28 U.S.C. § 1331. The Complaint is supported by well-pled allegations as to personal jurisdiction. Those allegations include that Madison Property Group is a New York corporation and transacts business in New York, and thus the Court has personal jurisdiction over Defendant. Compl. ¶ 6.

### II. Liability

The allegations in the Complaint, accepted as true, are sufficient to establish liability under the Copyright Act. Plaintiff alleges he has a copyright in the Photograph. *Id.* ¶ 8; *see also Andy Warhol Found. for the Visual Arts, Inc. v. Goldsmith*, 2021 WL 1148826, at *2, *10-*11 (2d Cir. Mar. 26, 2021) (discussing copyrightability of photographs under federal copyright law). Plaintiff has attached to the Complaint as exhibits an image of the Photograph, Dkt. No. 1, Ex. A, and an image of the use of the Photograph on Defendant's website, *id.*, Ex. B. The images are identical. These allegations are sufficient to make out a claim for copyright infringement. *See Feist Publ'ns, Inc. v. Rural Tel. Serv. Co., Inc.*, 499 U.S. 340, 361 (1991) ("To establish

infringement, two elements must be proven: (1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original.").

### III. Damages

Proimos seeks actual damages for the infringement on his copyright. "[A]n infringer of copyright is liable for either" actual damages or statutory damages. 17 U.S.C. § 504(a)(1)-(2). Once infringement has been proven, "[t]he copyright owner is entitled to recover the actual damages suffered by him or her as a result of the infringement, and any profits of the infringer that are attributable to the infringement and are not taken into account in computing the actual damages." 17 U.S.C. § 504(b).

"The Copyright Act grants courts discretion in calculating the actual damages sustained by a prevailing party, as long as the claim is reasonable according to typical market values." *Cuffaro v. Fashionisto LLC*, 2020 WL 5077449, at *3 (S.D.N.Y. July 9, 2020), *report and recommendation adopted*, 2020 WL 5076826 (S.D.N.Y. Aug. 27, 2020). "To determine actual damages in a copyright action under 17 U.S.C. § 504(b), courts in this district often approximate lost licensing fees based on 'the market value of the fee the owner was entitled to charge for such use.'" *Eva's Photography, Inc. v. Alisa, LLC*, 2020 WL 2904848, at *1 (S.D.N.Y. June 3, 2020) (quoting *On Davis v. The Gap, Inc.*, 246 F.3d 152, 165 (2d Cir. 2001)). "The question is not what the owner would have charged, but rather what is the fair market value. In order to make out his claim that he has suffered actual damage because of the infringer's failure to pay the fee, the owner must show that the thing taken had a fair market value." *On Davis*, 246 F.3d at 166. "The burden is on plaintiff to produce evidence demonstrating the true extent of the damages." *Fleishman v. World Bride Mag., LLC*, 2020 WL 7774843, at *3 (E.D.N.Y. Oct. 27, 2020), *report and recommendation adopted*, 2020 WL 7770936 (E.D.N.Y. Dec. 30, 2020).

Proimos argues that he is entitled to $1450.00 in actual damages. He argues that this is the fair market value for a license of the Photograph based upon "a benchmark license from GettyImages.com, which has a price calculator showing that reasonable licensing fee [sic] for a similar photograph of the Metropolitan Museum of Art is marketed at the rate of $1450.00 with following [sic] matching parameters: digital media, corporate and promotional use, banner images, up to 3 years in the United States within the industry of property/real estate." Dkt. No. 14 ¶ 16. He has attached a screenshot from the Getty Images price calculator showing this value.

Screenshots from the Getty Images price calculator may in some circumstances provide evidence for the fair market value for the licensing fee of a photograph. Courts have granted actual damages, for example, where the value produced by the Getty Images price calculator is supported by affidavits, declarations, or other documentary evidence and where the photo image on the Getty Image website was similar to the plaintiff's photograph . *See, e.g.*, *Cuffaro v. Fashionisto LLC*, 2020 WL 5077449, at *3 (S.D.N.Y. July 9, 2020); *Romanowicz v. Alister & Paine, Inc.*, 2018 WL 4762980, at *3 (S.D.N.Y. Aug. 3, 2018). However, the submission of a screenshot of the Getty Images price calculator on its own is not sufficient to establish a reasonable value for a licensing fee absent evidence that the screenshot in the calculator is for a use comparable to the alleged infringing use . *See Fleischman v. World Bride Magazine, LLC*, 2020 WL 7774843, at *6 (E.D.N.Y. Oct. 27, 2020) (stating that "in providing only the screenshot from Getty Images for calculation of her damages request, plaintiff is asking the Court to engage in 'precisely the sort of undue speculation that courts have cautioned against'" and denying actual damages because the proposed use selected in the calculator was "substantially different

than defendant's alleged use of the image" (quoting *Pasatieri v. Starline Prods., Inc.*, 2020 WL 207352, at *4 (E.D.N.Y. Jan. 14, 2020))).

Plaintiff has not submitted an affidavit or other form of evidence that would demonstrate that the Getty Images price calculator is a reasonable proxy for the value a license for the Photograph would receive on the market.  More important, there are critical differences between the Photograph and the photo used in the Getty Images calculator.  The Photograph is of the Metropolitan Museum's rooftop, whereas the Getty Images photo is of a line outside the Museum for an artist's memorial service, which includes the Museum's facade.  Furthermore, there are parameters in the Getty Images price calculator that must be set to calculate a value for a licensing fee, including use, format, start date, and duration.  It is not clear that settings chosen in the image of the price calculator correspond to the usage of the Photograph by Defendant here. Proimos has selected a parameter stating that the duration of the license would be "three years," and that the placement would be on the "home page."  Dkt. No. 14-5.  But the infringing use consisted of the use of the Photograph on what appears to be an informational page on Defendant's website providing information about the Upper East Side neighborhood of Manhattan.  Dkt. No. 1-2.  In light of these differences, the Court cannot conclude that the Getty Images price calculator provides an appropriate fair market value for the Photograph.  Proimos has not met his burden of proof as to actual damages.  "Because a court must make an award of actual damages 'based on a factual basis rather than undue speculation,' [Plaintiff] has not met

his burden of proof as to actual damages." *McGlynn v. Towers Investors.com Inc.*, 2021 WL 1777758, at *5 (S.D.N.Y. May 5, 2021).

## IV.   Costs

A court "in its discretion may allow the recovery of costs by or against any party other than the United States or an officer thereof." 17 U.S.C. § 1203(b)(4). Proimos seeks $440.00 in costs, consisting of the $400.00 court filing fee and a $40.00 personal service fee. Proimos has submitted no documentation in support of these costs. "'Courts in this district' have 'repeatedly . . . refused to award costs absent supporting documentation.'" *McGlynn*, 2021 WL 1777758, at *8 (quoting *Exler v. Travel Expl., Inc.*, 2020 WL 8642113, at *2 (S.D.N.Y. Nov. 10, 2020)). Because Proimos has not presented any evidence in support of the $40 personal service fee, his request for costs to recover that fee is denied. However, it is appropriate for the Court to take judicial notice of the $400 filing fee, which is entered by the Clerk of Court. *See id.* ("We are prepared to take judicial notice . . . that [Plaintiff] paid a $400 filing fee given that the payment has been entered by the Clerk on the docket sheet."); *Ward v. Compound Enter. LLC*, 2020 WL 6136293, at *9 (S.D.N.Y. Apr. 27, 2020) ("[B]ecause Plaintiff declined to provide any evidence of costs, the Court may take judicial notice of the $400 filing fee, as reflected on the docket, but should deny any additional costs."), *report and recommendation adopted*, 2020 WL 4496763 (S.D.N.Y. Aug. 3, 2020). Accordingly, the request for the cost of the $400 filing fee is granted.

## CONCLUSION

For the foregoing reasons, the motion for default judgment is GRANTED with respect to liability. The motion is DENIED without prejudice with respect to damages, and GRANTED IN PART and DENIED IN PART with respect to costs. The Clerk of Court is respectfully directed

to close the motion at Dkt. No. 13. Plaintiff must file any renewed motion for damages and costs within thirty days of the date of this Order.

SO ORDERED.

Dated: September 24, 2021
New York, New York

LEWIS J. LIMAN
United States District Judge