UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------------------------------X
                                                                      :
ALEX PROIMOS,                                                         :
                                                                      :
                                    Plaintiff,                        :
                                                                      :
                -v-                                                   :          20-cv-4832 (LJL)
                                                                      :
MADISON PROPERTY GROUP, LLC,                                          :          OPINION AND ORDER
                                                                      :
                                    Defendant.                        :
                                                                      :
----------------------------------------------------------------------X

```
┌──────────────────────────────────┐
│ USDC SDNY                         │
│ DOCUMENT                          │
│ ELECTRONICALLY FILED              │
│ DOC #:_____            │
│ DATE FILED:__4/11/2022__          │
└──────────────────────────────────┘
```

LEWIS J. LIMAN, United States District Judge:

Plaintiff Alex Proimos ("Proimos" or "Plaintiff") moves for an order granting Plaintiff's application for damages in connection with Plaintiff's default judgment motion under Federal Rule of Civil Procedure ("FRCP") 55(b)(2). *See* Dkt. No. 20.

For the following reasons, the application for damages is granted.

## BACKGROUND

Plaintiff is an Australia-based professional photographer who authored a photograph (the "Photograph") of the rooftop bar of the Metropolitan Museum of Art in New York. *See* Dkt. No. 1 ¶¶ 5, 7–8. Defendant Madison Property Group, LLC ("Defendant") operates a website, on which it published the Photograph without licensing the Photograph or obtaining Plaintiff's permission to publish it. *See id.* ¶ 6, 10, 11. In June of 2020, Plaintiff sued Defendant for copyright infringement under Section 501 of the Copyright Act, 17 U.S.C. § 101 *et seq*. *See id*.

Despite being served with Plaintiff's complaint (the "Complaint"), Defendant never answered it, and on November 30, 2020, the Clerk of Court entered a certificate of default against the Defendant. *See* Dkt. No. 12. Plaintiff thereafter moved for default judgment, seeking (1) a default judgment as to liability for copyright infringement under 17 U.S.C. § 501 to be

entered against Defendant; (2) $1,450.00 in actual damages under 17 U.S.C. § 504(b); (3) $440.00 in costs pursuant to FRCP 54(d); and (4) post-judgment interest under 28 U.S.C. § 1961.  Dkt. No. 13.

By Opinion and Order dated September 24, 2021, the Court granted Plaintiff's motion with respect to liability, denied it with respect to damages, and granted it in part and denied it in part with respect to costs.  Dkt. No. 19.  The Court held that the allegations of the Complaint, accepted as true, are sufficient to establish liability under the Copyright Act.  *Id.* at 2–3.  In denying the motion with respect to damages, the Court explained that Plaintiff had not produced evidence to substantiate his claim for $1,450.00 in damages by, for example, showing that the requested amount of actual damages was the fair market value for a license of the Photograph.  *Id.* at 3–6.  The Court also granted $400.00 in costs but denied Plaintiff's request for $40.00 in costs attributable to a personal service fee because Plaintiff had not presented evidence in support of the fee.  *Id.* at 6.

The Court permitted Plaintiff to file a renewed motion for damages and costs.  *Id.* at 7.  On October 25, 2021, Plaintiff moved for an order granting Plaintiff's renewed application for damages, seeking (1) a default judgment as to liability for copyright infringement under 17 U.S.C. § 501 to be entered against Defendant; (2) $499.00 in actual damages under 17 U.S.C. § 504(b); (3) $40.00 in additional costs pursuant to FRCP 54(d); (4) post-judgment interest under 28 U.S.C. § 1961.  Dkt. No. 20.

## LEGAL STANDARD

When a party defaults in an action, it admits all well-pleaded factual allegations in a complaint as true.  *City of New York v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 137 (2d Cir. 2011).  Because a party in default does not admit conclusions of law, "a district court need not agree that the alleged facts constitute a valid cause of action."  *Id.*  Therefore, before entering a

default judgment, a district court is "required to determine whether the [plaintiff's] allegations are sufficient to establish the [defendant's] liability as a matter of law." *Finkel v. Romanowicz*, 577 F.3d 79, 85 (2d Cir. 2009).  If so, entry of a default judgment is appropriate.  *See Michalis Pawn Shop*, 645 F.3d at 137.

A default judgment entered on well-pleaded allegations does not reach the issue of damages. *Ferri v. Berkowitz*, 561 F. App'x 64, 65 (2d Cir. 2014) (summary order) (citing *Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp.*, 109 F. 3d 105, 111 (2d Cir. 1997); *Bricklayers and Allied Craftworkers Local 2, Albany, N.Y. Pension Fund v. Moulton Masonry & Construction, LLC*, 779 F.3d 182, 189 (2d Cir. 2015) ("While a party's default is deemed to constitute a concession of all well pleaded allegations of liability, it is not considered an admission of damages." (internal quotation marks and citation omitted) (alteration adopted)). Thus, "[o]nce liability has been established, a plaintiff must provide admissible evidence establishing the amount of damages with reasonable certainty." *Fonz, Inc. v. City Bakery Brands, LLC*, 2021 WL 5235190, at *3 (S.D.N.Y. Sept. 27, 2021), *report and recommendation adopted*, 2021 WL 4803821 (S.D.N.Y. Oct. 13, 2021); *Hood v. Ascent Med. Corp.*. 2016 WL 1366920, at *15 (S.D.N.Y. Mar. 3, 2016), *report and recommendation adopted*, 2016 WL 3453656 (S.D.N.Y. June 20, 2016), *aff'd* 691 F. App'x 8 (2d Cir. 2017) (explaining that a plaintiff must "substantiate its claim for damages with evidence to prove the extent of those damages").

Rule 55(b)(2) of the Federal Rules of Civil Procedure "allows but does not require the district judge to conduct a hearing" to determine the amount of damages to which the plaintiff is entitled.  *Action S.A. v. Marc Rich & Co., Inc.*, 951 F.2d 504, 507 (2d Cir. 1991).  Thus, "[a]n inquest into damages may be conducted on the papers, without an evidentiary hearing where

there is a sufficient basis on which to make a calculation." *Fonz, Inc.*, 2021 WL 5235190, at *3.

Such an approach is appropriate here.

## DISCUSSION

"[A]n infringer of copyright is liable for either" actual damages or statutory damages.  17

U.S.C. § 504(a)(1)–(2).  Thus, once infringement has been proven, "[t]he copyright owner is

entitled to recover the actual damages suffered by him or her as a result of the infringement, and

any profits of the infringer that are attributable to the infringement and are not taken into account

in computing the actual damages."  17 U.S.C. § 504(b).  Plaintiff seeks actual damages for the

copyright infringement.

"The Copyright Act grants courts discretion in calculating the actual damages sustained

by a prevailing party, as long as the claim is reasonable according to typical market values."

*Cuffaro v. Fashionisto LLC*, 2020 WL 5077449, at *3 (S.D.N.Y. July 9, 2020), *report and

recommendation adopted*, 2020 WL 5076826 (S.D.N.Y. Aug. 27, 2020).  "To determine actual

damages in a copyright action under 17 U.S.C § 504(b), courts in this district often approximate

lost licensing fees based on 'the market value of the fee the owner was entitled to charge for such

use.'" *Eva's Photography, Inc. v. Alisa, LLC*, 2020 WL 2904848, at *1 (S.D.N.Y. June 3, 2020)

(quoting *On Davis v. The Gap, Inc.*, 246 F.3d 152, 165 (2d Cir. 2001)).  "The burden is on

plaintiff to produce evidence demonstrating the true extent of the damages."  *Fleishman v. World

Bride Mag., LLC*, 2020 WL 7774843, at *3 (E.D.N.Y. Oct. 27, 2020), *report and

recommendation adopted*, 2020 WL 7770936 (E.D.N.Y. Dec. 30, 2020).

Plaintiff now asserts that he is entitled to $499.00 in actual damages, down from his

original ask of $1,450.00.  In support, Plaintiff's counsel submits a benchmark license fee from

Getty Images, providing that the "standard editorial rights" for a large-size image is $499.00.

Dkt. No. 21 ¶ 6.  He attaches screenshots from www.gettyimages.com to his declaration,

"showing that the reasonable licensing fee for standard editorial rights is priced at the rate of $499.00 for use of a large-sized image, regardless of the subject matter of the content." *Id.*  He further declares that the exhibit to the Complaint showing Defendant's infringing use of the Photograph "demonstrates that a large-size image was used by Defendant for editorial purposes, as the Photograph appears at the top of the Infringing Article along the dull width of the screen." *Id.* ¶ 7.

> As the Court recognized in its previous Opinion and Order:

> Screenshots from the Getty Images price calculator may in some circumstances provide evidence for the fair market value for the licensing fee of a photograph. Courts have granted actual damages, for example, where the value produced by the Getty Images price calculator is supported by affidavits, declarations, or other documentary evidence and where the photo image . . . was similar to the plaintiff's photograph.

Dkt. No. 19 at 4 (citing *Cuffaro*, 2020 WL 5077449, at *3).  The Court also explained that "the submission of a screenshot of the Getty Images price calculator on its own is not sufficient to establish a reasonable value for a licensing fee absent evidence that the screenshot in the calculator is for a use comparable to the alleged infringing use." *Id.* at 4 (citing *Fleishman*, 2020 WL 7774843, at *6).

The Court denied Plaintiff's original application for damages because there was no evidence submitted that the Getty Images price calculator information was a reasonable proxy for the value that a license for the Photograph would get on the market.  The screenshot showed that a photograph of the Metropolitan Museum of Art was marketed at a rate of $1,450.00 when specific parameters were applied, including use for corporate and promotional use in the property/real estate industry for up to three years.  Dkt. No. 19 at 4.  In holding that Proimos had not met his burden of showing that the Getty Images price calculator provided an appropriate fair market value for the Photograph, the Court explained that (1) "Plaintiff ha[d] not submitted an

affidavit or other form of evidence that would demonstrate that the Getty Images price calculator is a reasonable proxy for the value a license for the Photograph would receive on the market"; and (2) "there are critical differences between the Photograph and the photo used in the Getty Images calculator" including the content and potentially the settings chosen in the image of the price calculator, which may not have corresponded to the usage of the Photograph by the Defendant. *Id.* at 5.

In contrast, the declaration and accompanying screenshot of the Getty Images price calculator submitted in support of Plaintiff's instant application for damages provides a sufficient basis for the Court to determine the actual damages suffered by Plaintiff in connection with Defendants' copyright violation. The attorney declaration submitted in support of the application represents that the "'standard editorial rights' for a large-size image is $499.00 . . . regardless of the subject matter of the content." Dkt. No. 21 ¶ 6. Plaintiff's attorney also declared that "a large-size image was used by Defendant for editorial purposes." *Id.* ¶ 7. Counsel attaches to his declaration screenshots from www.gettyimages.com showing two different photographs—both related in some fashion to the Metropolitan Museum of Art—for which standard editorial rights are priced at the rate of $499.00 for use of a large-sized image. *See* Dkt. No. 21-1. He also cites a screenshot of the Photograph on Defendant's website, which he declares demonstrates that the Photograph that was used on the website was a large-sized image. *See* Dkt. No. 21 ¶ 7; Dkt. No. 1-2. This is sufficient evidence to support Plaintiff's position that the fair market value of Defendant's use of the large-size Photograph was $499.00. *Cf. Romanowicz*, 2018 WL 4762980, at *4 (concluding that $480 license fee charged for a similar photograph rendered appropriate an award of $480 to plaintiff in actual damages for

defendant's copyright violation).  Accordingly, the request for actual damages in the amount of $499.00 is granted.

Plaintiff also seeks recovery of $40.00 in costs attributable to a personal service fee.  A court "in its discretion may allow the recovery of costs by or against any party other than the United States or an officer thereof."  17 U.S.C. § 1203(b)(4).  The Court previously refused to award the personal service fee because it was not provided with any evidence in support of this request.  *See* Dkt. No. 19 at 6.  In support of his renewed application for the $40.00 service fee, Plaintiff submits a copy of an invoice from Teitel Service Bureau, Inc., showing that counsel was charged and paid $55.00 in connection with this case: $15.00 for same-day service on the Department of State for Madison Property Group, LLC and $40.00 for an "advance state fee."  *See* Dkt. No. 21-2.  The Court agrees that an award of $40.00 in costs—an amount supported by the evidence—is appropriate here, and the request for such costs is granted.

Plaintiff also seeks post-judgment interest pursuant to 28 U.S.C. § 1961.  *See* Dkt. No. 20.  Post-judgment interest is "'allowed on any money judgment in a civil case recovered in a district court.'"  *N.Y.C. Dist. Council of Carpenters v. JFD Sales Consulting Servs. Corp.*, 2017 WL 4736742, at *3 (S.D.N.Y. Oct. 19, 2017) (quoting 28 U.S.C. § 1961(a)).  "Such interest shall be calculated from the date of the entry of the judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the date of the judgment."  28 U.S.C. § 1961(a).  The Court will award post-judgment interest at the statutorily prescribed rate.

## CONCLUSION

The motion for default judgment is GRANTED.  The Clerk of Court is respectfully directed to enter judgment in favor of Alex Proimos and against Madison Property Group, LLC in the amount of $539.00 for Defendant's copyright infringement under 17 U.S.C. § 501.

Plaintiff shall also receive post-judgment interest on this amount accruing from the date of entry of judgment following the issuance of this Opinion "at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the date of the judgment."  28 U.S.C. § 1961(a).

The Clerk of Court is respectfully directed to close the case.


SO ORDERED.

Dated: April 11, 2022
     New York, New York

                                     LEWIS J. LIMAN
                            United States District Judge